IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| GERALD ASHLEY, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | No. 2:24-CV-06797-KBH |
| | : | |
| THE CITY OF PHILADELPHIA, et al., | : | |
| | : | |
| Defendants. | : | |

**DEFENDANTS CITY OF PHILADELPHIA AND JOHN P. SABATINA'S ANSWER TO PLAINTIFF GERALD ASHLEY'S COMPLAINT**

Defendants, the City of Philadelphia and John P. Sabatina, Register of Wills, by and through their undersigned counsel, hereby answer the Complaint of Plaintiff Gerald Ashley ("Ashley") and assert their Affirmative Defenses as follows:

**I.   INTRODUCTION**

1. Admitted in part; denied in part.  It is admitted that Plaintiff was an employee of the Register of Wills for the City of Philadelphia.  And it is admitted that John P. Sabatina took office in January 2024 and shortly thereafter terminated the employment of Plaintiff.  Defendants deny the allegation that such termination was "immediate."

2. Denied.  This paragraph consist purely of conclusions of law and the allegations therein are denied on that basis.  The allegations of discrimination are denied in that they are meritless as well.  Ashley was not fired due to any political reason.

3. Admitted.

4. Admitted in part; denied in part.  It is admitted that Plaintiff is a black male.  All other allegations are denied as meritless and/or as legal conclusions.

## II. PARTIES, JURISDICTION, VENUE

5. Admitted in part; denied in part. It is admitted that Ashley is an adult and black. Defendants are, after reasonable investigation, without sufficient knowledge or information to determine the truth or falsity of the allegation concerning Ashley's address.

6. Admitted.

7. Admitted.

8. Admitted.

9. Admitted.

10. Admitted.

## III. FACTUAL ALLEGATIONS

11. Admitted in part; denied in part. The allegations are admitted save for that concerning the date that Sabatina assumed office which is, on information and belief, believed ot have occurred on January 1, 2024.

12. Denied. Defendants are, after reasonable investigation, without sufficient knowledge or information to determine the truth or falsity of the allegation in this paragraph.

13. Admitted.

14. Denied.

15. Denied.

16. Denied.

17. Denied. Defendants specifically deny that they engaged in "misconduct" or caused Plaintiff any such damages. Defendants are, after reasonable investigation, without sufficient knowledge or information to determine the truth or falsity of the allegations concerning the alleged

damages and any alleged attempts to mitigate those damages. The allegations are denied as legal conclusions as well.

18. Denied (including denials as to the allegations of each sub-paragraph). Defendants specifically deny that they caused Plaintiff any such damages. The allegations are denied in that they are legal conclusions as well.

19. Denied. This allegation is a conclusion of law and is denied on this basis. Defendants further deny, on the merits, any such liability.

**COUNT I: FIRST AMENDMENT RETALIATION**

20. Defendants reallege and incorporate by reference their responses set out above.

21. Admitted to the extent that "at all relevant times" means during the terms of Plaintiff's employment with the City.

22. Admitted in part; denied in part. It is admitted only that Plaintiff has First Amendment rights as a public employee. All remaining allegations are denied as legal conclusions, and Defendants explicitly deny that they violated Plaintiff's First Amendment rights.

23. Denied. Defendants are, after reasonable investigation, without sufficient knowledge or information to determine the truth or falsity of the allegations, so the allegations are therefore denied. Further, the allegations concerning Plaintiff's alleged exercise of his First Amendment rights is a conclusion of law which is also denied on that basis.

24. Denied. The termination of Plaintiff was not motivated by any such racial, retaliatory, or other political motive.

25. Admitted in part; denied in part. It is admitted that the decision to terminate Plaintiff was made in a governmental capacity. It is denied that such decision was motivated by racial, retaliatory, or other political motive.

3

26. Denied. The allegations in this paragraph are conclusions of law and are denied on this basis. Defendants further deny the allegations as substantively meritless.

WHEREFORE, Defendants request judgment in their favor and against Plaintiff along with such equitable and monetary relief as the court deems just and appropriate, including an award of attorneys' fees and costs.

**COUNT II RACE DISCRIMINATION – 42 U.S.C. § 1981**

27. Defendants reallege and incorporate by reference their responses set out above.

28. Denied. The allegations in this paragraph are conclusions of law and are denied on that basis.

29. Denied. The allegations in this paragraph are conclusions of law and are denied on that basis. The allegations are denied as meritless as well.

30. Denied. The termination of Ashley's employment was not related to his race or free speech rights. The allegations are also denied because they are conclusions of law.

31. Admitted in part; denied in part. It is admitted that the decision to terminate Plaintiff was made in a governmental capacity. It is denied that such decision was motivated by racial, retaliatory, or other political motive. The allegations are also denied because they are conclusions of law.

32. Denied. The allegations in this paragraph are conclusions of law and are denied on that basis. The allegations are denied as meritless as well.

WHEREFORE, Defendants request judgment in their favor and against Plaintiff along with such equitable and monetary relief as the court deems just and appropriate, including an award of attorneys' fees and costs.

## **GENERAL DENIAL**

Defendants deny each and every allegation in Plaintiff's Complaint not specifically admitted.

## **AFFIRMATIVE DEFENSES**

Defendants assert the following affirmative defenses. Defendants reserve the right to amend this Answer and assert additional Affirmative Defenses based upon information obtained during discovery.

### **First Affirmative Defense**

The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

### **Second Affirmative Defense**

The claims asserted in the Complaint are barred, in whole or in part, by the applicable statute of limitations or other applicable rules, statutes, or regulations controlling or requiring the initiation of a suit within a certain period of time following the accrual of the cause of action.

### **Third Affirmative Defense**

Plaintiff waived any and all alleged rights to the relief sought in the Complaint.

### **Fourth Affirmative Defense**

Defendants acted at all times in good faith and for legitimate, non-discriminatory, and non-retaliatory reasons.

### **Fifth Affirmative Defense**

Defendants exercised reasonable care to prevent and promptly eliminate any discriminatory and/or retaliatory conduct in the workplace.

### **Sixth Affirmative Defense**

Plaintiff's claim is barred by the doctrine of qualified immunity.

**Seventh Affirmative Defense**

Plaintiff's damages are reduced in whole or in part under the doctrine of after acquired evidence.

**Eighth Affirmative Defense**

Plaintiff's damages may be barred by the doctrines of laches, waiver, estoppel, and unclean hands.

**Ninth Affirmative Defense**

Plaintiff is not entitled to recover some or all of the damages alleged, including attorneys' fees.

**Tenth Affirmative Defense**

Any alleged damages or losses, if any, were caused in whole or in part by Plaintiff's own acts, omissions, or conduct.

**Eleventh Affirmative Defense**

Plaintiff failed, in whole or in part, to mitigate his damages.

**Twelfth Affirmative Defense**

Defendants acted at all relevant times hereto with good faith and without any malicious intent and with reasonable justification for believing its actions were lawful.

**Thirteenth Affirmative Defense**

Plaintiff's claims for punitive damages (if any) are barred because the alleged acts, occurrences, or omissions as alleged in the Complaint fail to rise to the level required to sustain an award of punitive damages as they do not evidence willful, wanton, malicious, or reckless actions by Defendants.

### Fourteenth Affirmative Defense

There is no factual or legal basis for the imposition of compensatory relief.

### Fifteenth Affirmative Defense

There is no factual or legal basis for the imposition of punitive damages.

### Sixteenth Affirmative Defense

Defendants would have taken the same action(s) regardless of Plaintiff's purportedly protective activity or status.

### Seventeenth Affirmative Defense

Any claims made herein for compensatory and punitive damages are barred and/or limited by constitutional limits.

**WHEREFORE**, Defendants pray that the Court enter judgment in their favor and against Plaintiff, including denying all claims for equitable relief, and dismissing all claims with prejudice, and awarding the Defendants their attorneys' fees, costs, and any other relief the Court deems just and proper.

|  |  |
|---|---|
|  | **PIETRAGALLO GORDON ALFANO BOSICK & RASPANTI, LLP** |
| Dated: January 10, 2025 | By: */s/ Alexander M. Owens*<br>Gaetan J. Alfano, Esquire<br>P.A. ID No. 32971<br>Michael A. Morse, Esquire<br>P.A. ID No. 80507<br>Alexander M. Owens<br>P.A. ID No. 319400<br>1818 Market Street, Suite 3402<br>Philadelphia, PA 19103<br>*gja@pietragallo.com*<br>*mam@pietragallo.com*<br>*amo@pietragallo.com*<br>(215) 988-1427 (Telephone)<br>(215) 981-0082 (Telecopy)<br><br>*Attorneys for Defendants*<br>*City of Philadelphia and*<br>*John P. Sabatina* |

## **CERTIFICATE OF SERVICE**

      I, Alexander M. Owens, hereby certify that on January 10, 2025, I caused a true and correct copy of Defendants' Answer to Plaintiff's Complaint to be served on all counsel of record via the Court's ECF system.

                                                            */s/ Alexander M. Owens*
                                                            Alexander M. Owens, Esquire

Date: January 10, 2025

#1124886